IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARLYNN CUBANGBANG, ) | CV. NO. 07-00241 DAE LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MAUNA LANI RESORT ) | |
| (OPERATION), INC., dba MAUNA ) | |
| LANI BAY HOTEL AND ) | |
| BUNGALOWS; JOHN DOES 1-20; ) | |
| DOE ENTITIES 1-20; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

On September 17, 2007, the Court heard Defendant Mauna Lani Resort (Operation), Inc.'s ("Defendant") Motion. Venetia K. Carpenter-Asui, Esq., appeared at the hearing on behalf of Plaintiff; Kalani A. Morse, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendant's Motion.

BACKGROUND

In the Complaint, Plaintiff alleges that she began employment with Defendant in 1983 as a Room Attendant/Housekeeper and was a member of the

International Longshore and Warehouse Union, Local 142 (the "Union"). According to Plaintiff, in August 2005, Defendant informed her and others about the policy against having dual medical coverage whereby employees are covered both by Defendant and under their spouse's plan. This policy is found in the collective bargaining agreement between the Union and Defendant. Plaintiff allegedly found out that her husband had her and their daughter covered under his plan through a different hotel employer and that they had been covered since 2000. Plaintiff brought this information to the attention of Defendant. Defendant allegedly told Plaintiff that it would be seeking reimbursement from her for the paid premiums, which totaled $10,374.32, through payroll deductions. Plaintiff objected to the deductions, claiming that she was unaware of the policy prior to the August 2005 meeting, and that she did not know her husband had elected coverage for her and their daughter, and that once she found out she notified Defendant.

Plaintiff claims that after 22 years of employment and only after her objection to the reimbursement, Defendant retaliated against her by taking a series of disciplinary actions for minor infractions, including several suspensions, which ultimately led to her termination. Plaintiff asserts that Defendant did not take these same type of disciplinary actions for other employees who had similar infractions.

Plaintiff filed a grievance regarding being terminated without just cause, in violation of the collective bargaining agreement.  The Union processed the grievance through the various steps of the grievance procedure, including a two-day arbitration hearing.  Plaintiff was unable to attend the hearing because she could not get time off from her job.  Plaintiff received approximately one-week notice of the arbitration date.  After numerous witnesses and exhibits were presented, the arbitrator found that Plaintiff "was terminated by the culmination of a solid, conscientious application of the disciplinary process of progressive discipline." (Def.'s Ex. B at 10.)  The arbitrator noted that Plaintiff had nine incidents over a few months period from December 2005 through February 2006, in addition to seventeen incidents during her first 20 years of employment.  (Id.)  The arbitrator commented that "management could have initiated its corrective discipline process much earlier in her employment history and [Plaintiff] would have faced termination much sooner . . . Ultimately, [Plaintiff] proved to be her own worst enemy by her resistance to any counseling from her managers and rejection of any proffered help from management and her fellow employees."  (Id.)

Plaintiff filed her complaint in this Court on May 9, 2007, alleging breach of the collective bargaining agreement between the Union and Defendant, in violation of section 301 of the Labor Management Relations Act.  Defendant

moved for dismissal or summary judgment on July 11, 2007. Plaintiff filed an opposition on August 31, 2007, and Defendant field a reply on September 6, 2007.

## STANDARD OF REVIEW

Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Since this Court has considered matters outside the pleadings, specifically, the length of the arbitration hearing and the issues raised, Defendant's motion is treated as one for summary judgment. See Keas v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Anemone, 86 F.3d 932, 934 (9th Cir. 1996).

> Rule 56 requires summary judgment to be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and may not rely on the mere allegations in the pleadings. See Porter, 383 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party does not meet its burden by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not

otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. See Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. See id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Defendant argues that this case should be dismissed because Plaintiff has not joined the Union as a defendant, and even if she did, she could not prove that the Union breached its duty of fair representation.

"[A] breach of a duty of fair representation by the union is a necessary prerequisite to a successful suit against the employer for a breach of the [collective bargaining agreement]." Bliesner v. Commc'n Workers of Am., 464 F.3d 910, 914 (9th Cir. 2006); Vaca v. Sipes, 386 U.S. 171, 186 (1967) (the wrongfully discharged employee may bring an action against his employer . . . provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance"). A claim against an employer under section 301 fails where the plaintiff cannot show that the Union breached its duty of fair representation. See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1060 (9th Cir. 1989).

A Union breaches its duty of fair representation "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190. However, a "union's representation of its members 'need not be error free.' . . . [and] mere negligent conduct on the part of a union does not constitute a breach of the union's duty of

fair representation." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985) (citation omitted).  In addition, a court should give substantial deference to a union's decisions regarding whether and to what extent it will pursue a particular grievance.  Id.

Here, Plaintiff alleges that the Union breached its duty of fair representation by giving her less than one-week's notice of the arbitration hearing date, and then proceeding with the hearing without her being present.  This argument is insufficient to create a genuine issue of fact as to whether the Union breached its duty.  As pointed out by Plaintiff, the standard of proving a breach of the duty of fair representation is met "when the union arbitrarily ignores a meritorious grievance or processes it in a perfunctory fashion." Herman v. United Bhd. of Carpenters and Joiners of Am. Local Union No. 971, 60 F.3d 1375, 1380 (9th Cir. 1995).  Examples of such a breach include failing to conduct a minimal investigation of a grievance, engaging in conduct without a rational basis, the conduct reflects a reckless disregard for the rights of the individual employee, or "the individual interest at stake is strong and the union's failure to perform a ministerial act completely extinguishes the employee's right to pursue his claim." Peterson, 771 F.2d at 1254 (citation omitted).  A union's failure to give a grievant notice of and opportunity to attend any particular segment of the grievance process

does not necessarily constitute breach of the duty of fair representation. See Higdon v. United Steelworkers of Am., 706 F.2d 1561, 1562 (11th Cir. 1983) cited with approval in Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390, 1397 (9th Cir. 1985).

In this case, the Union did not ignore a potentially meritorious grievance, or process it in a perfunctory fashion. Instead, the Union pursued the grievance through to a two-day arbitration hearing. This Court is not aware of anything more the Union could have done to process the grievance. Further, it is apparent from the arbitration decision that the Union challenged every disciplinary action that led up to Plaintiff's termination. Plaintiff has not explained how the outcome of the arbitration could have been different had she been there. Neither does Plaintiff claim that the Union failed to make important arguments or introduce specific evidence that may have swayed the arbitrator's decision. As the failure to provide inadequate notice does not itself prove a breach of the duty of fair representation, and as Plaintiff has provided no other evidence to establish a breach, her complaint is dismissed.[1]

---

[1] The Court acknowledges that it may have been better for Plaintiff had she attended the hearing. However, the Union gave her a full week's notice of the hearing date and time and for personal reasons Plaintiff chose not to attend. There is no indication that had Plaintiff been given a two or three weeks notice, she could

(continued...)

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2007,



_____
David Alan Ezra
United States District Judge

Arlynn Cubangbang v. Mauna Lani Resort, CV No. 07-00241 DAE-LEK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

---

[1](...continued)
have or would have attended.